974 A.2d 474 (2009)
408 N.J. Super. 266
Natasha ALGARIN, Plaintiff,
v.
HALEDON BOARD OF EDUCATION, Defendant.
Docket No. L-1145-09
Superior Court of New Jersey, Law Division, Passaic County.
Decided April 1, 2009.
Andrew P. Oddo, Newark, for plaintiff.
Stephen R. Fogarty, Fairlawn, for defendant (Fogarty & Hara, attorneys).
RIVA, J.S.C.
The complaint in lieu of prerogative writs, filed by plaintiff Natasha Algarin, challenges the refusal by defendant Haledon Board of Education (the "Board") to accept her nominating petition and certify her as a candidate for the local school board election scheduled for April 21, 2009. The Board's decision was based on the fact that plaintiff was not a registered voter at the time she executed the candidate's acceptance and oath of allegiance in her nominating petition. Because plaintiff registered to vote prior to filing her nominating *475 petition, and the record is devoid of any evidence plaintiff knowingly certified to false information so as to promote fraud or frustrate administration of the electoral process, the Board's decision is reversed.
The facts are not disputed. On March 1, 2009, plaintiff signed the candidate's acceptance and oath of allegiance, certifying as follows:
Natasha Algarin, the candidate for membership on the Board of Education named in the foregoing petition, does hereby certify that, [she] is qualified to be a member of the Haledon Board of Education; that [she] consents to stand as a candidate for election and, if elected, agrees to accept and qualify into that office. [She] further affirms and declares [she] is not disqualified as a voter pursuant to N.J.S.A. 19:4-1.
One of the qualifications for a candidate to run for a seat on the school board is that the candidate must be a registered voter in the district. See N.J.S.A. 18A:12-1. At the time plaintiff executed the oath, she mistakenly believed she was registered to vote in the district of Haledon. In fact, she was a registered voter under her maiden name of Natasha I. Sanchez, at her prior address in Haledon, but had been deleted from the list of eligible voters by the Passaic County Superintendent of Elections on March 27, 2007, on account of voter inactivity. Accordingly, plaintiff was unregistered on March 1, 2009, when she certified she was a registered voter in the district. Plaintiff became alerted to her voting status on March 2, 2009, when her friend, who had reviewed the current list of registered voters, advised her she was unregistered. The following day plaintiff registered to vote, and consequently was a registered voter before filing her nominating petition with the business administrator/board secretary of the Haledon School Board on March 3, 2009the deadline for filing the petition.
Because plaintiff's certification was inaccurate, a challenge to her nominating petition was filed on March 9, 2009, by Jeffrey P. Fischer. Fischer claimed, among other things, that plaintiff was not registered to vote in the district of Haledon as required by law at the time she executed the oath.[1]
On the next day, plaintiff was notified of a hearing scheduled before the Board on March 11, 2009, to take up Fischer's challenge to the validity of her petition. At the conclusion of the hearing, the Board determined that plaintiff's nominating petition was invalid because she was not registered to vote in the district when she signed the candidate's acceptance and oath of allegiance two days earlier. The Board's resolution states, in pertinent part:
WHEREAS, a candidate for a board of education seat must be a registered voter at the time she certifies that she meets the qualifications to serve as a member of the Board; and
WHEREAS, Algarin certified that she satisfied the qualifications to serve as a member of the Board in her Candidate's Acceptance/Oath of Allegiance on March 1, 2009; however, based on the documents which Algarin submitted to the Board, she did not register to vote until March 3, 2009; and
WHEREAS, the Board finds that Algarin was not qualified to serve as a member of the Board at the time she certified her Nominating Petition on March 1, 2009; and

*476 WHEREAS, the Board finds that Algarin's Nominating Petition is defective because she was not a registered voter at the time she certified under oath her Candidate's Acceptance/Oath of Allegiance on March 1, 2009.
NOW THEREFORE, BE IT RESOLVED as follows:
1. The Nominating Petition filed by Algarin is defective because she was not registered to vote in the Borough of Haledon at the time she certified under oath the Candidate's Acceptance/Oath of Allegiance on March 1, 2009.
2. The School Business Administrator/Board Secretary shall not include Algarin on the list of candidates for the April 21, 2009 Annual School Election.
Although plaintiff was notified of the Board's decision on March 11, 2009, the deadline for filing an amended nominating petition, she waited until March 13, 2009, to file an amended petition to correct the deficiency noted by the Board in its resolution. Obviously, the filing of the amended petition was untimely.
With these facts as background, I address the critical issue of whether plaintiff's nominating petition was invalid because she was unregistered to vote in the district of Haledon when she assented to the candidate's acceptance and oath of allegiance, even though she properly registered to vote before timely filing her nominating petition. There are no reported New Jersey decisions that have squarely addressed this issue.
In support of its position, the Board relies on a decision of the Commissioner of Education entitled DeLay v. Board of Education of Township of New Hanover, 1991 S.L.D. 288, 298-307. In DeLay, Thomas S. King, Jr. was a sitting member of the New Hanover Board of Education when it was alleged that he did not meet the statutory requirements for candidacy. King was not registered at the time he took his candidacy oath certifying that he was a registered voter, nor was King registered to vote at the time he filed his nominating petition. King subsequently registered to vote the day he took office. The Commissioner found that a candidate's nominating petition must contain a statement that the candidate is legally qualified to be elected to the office and "qualified to be elected" can mean nothing other than the candidate meets all the qualifications set forth in N.J.S.A. 18A:12-1, one of which is that the candidate is registered to vote in the district. Id. at 301. Finding that King did not satisfy the qualifications to hold the office at the time he executed the certification on the nominating petition, the Commissioner ordered that he be removed from his elected office because his candidacy was void at its inception. Id. at 304.
The situation in DeLay does not precisely mirror the facts here. Unlike King, plaintiff actually registered to vote prior to filing her nominating petition. She was, therefore, otherwise qualified to take office as a registered voter in the district at the time she filed her nominating petition.
The present case is also materially different from McCaskey v. Kirchoff, 56 N.J.Super. 178, 152 A.2d 140 (App.Div. 1959), cited as authority by the Board. In McCaskey, the Appellate Division was presented with a situation where candidates for municipal council submitted a nominating petition that was defective because of false certifications. In particular, the nominating petition in McCaskey required that the affiants who were certifying as to the authenticity of the signatures "`saw all the signatures made thereto, and verily believed that the signers are duly qualified voters.'" Id. at 179, 152 A.2d 140. However, after the deadline for filing nominating petitions had passed, the county clerk *477 received a written objection to the petition alleging that the candidates knew that signatures on the nominating petition were forged, but nevertheless the candidates executed the certification swearing that they saw the signatures put on the nominating petition and that the signatures were authentic. Id. at 180, 152 A.2d 140. Upon concluding that the candidates had, in fact, knowingly certified to false information, the court found that "candidates should not be allowed to go to the voters on a falsely sworn petition in circumstances such as are here present." Id. at 184, 152 A.2d 140. The court explained that "demonstrated falsity of the authenticating affidavit robs it of any effective force in furnishing the certification required by statute. The signatures to the petition, the forged ones as well as the genuine, stand without a proper authentication." Id. at 183, 152 A.2d 140.
There are no equivalent circumstances present in this case. Unlike McCaskey, there has been no showing here that plaintiff knowingly certified to false information. As I have previously stated, plaintiff had been registered in the district of Haledon under her maiden name. Unbeknownst to plaintiff, her name was removed from the list of eligible voters due to voter inactivity. When she became aware of her voting status, she cured the problem by registering to vote before filing her nominating petition.
Despite the Board's assertion to the contrary, I determine the same underlying rationale in Saunders v. Toms River Regional Schools Board of Education, 144 N.J. 371, 676 A.2d 1088 (1996), relied on by plaintiff, is applicable here. Saunders dealt with the validity of a nominating petition where a nominating signatory was not a registered voter at the time the petition was submitted. The nominating signatory finally registered to vote six days after the petition was due.
Judge Arnold M. Stein, whose dissenting Appellate Division opinion was later adopted by our Supreme Court, acknowledged that the nominating petition at issue was defective as N.J.S.A. 19:60-5(a) requires that it contain a statement that the signers of the petition are qualified voters of the constituent district. He also recognized, however, the traditional liberal interpretation given to election laws and concluded that the signatory's registration after the filing deadline was a mere "technical deficiency," and that placing the candidate's name on the ballot would "neither promote election fraud nor frustrate administration of the electoral process." Saunders v. Toms River Reg'l Sch. Board of Education, 289 N.J.Super. 225, 236, 673 A.2d 804 (App.Div.1996).
It is true, as the Board points out, that Saunders is factually distinguishable from the present case because plaintiff is a candidate rather than a nominating signatory. Nonetheless, I see no reason to depart here from the reasoned approach employed by Judge Stein in Saunders, which our Supreme Court adopted. In my view, placing plaintiff's name on the ballot here would "neither promote election fraud nor frustrate administration of the electoral process." Ibid.
Moreover, it bears repeating that "[e]lection laws are to be liberally construed so as to effectuate their purpose. They should not be construed to deprive voters of their franchise or so as to render an election void for technical reasons." Kilmurray v. Gilfert, 10 N.J. 435, 440-41, 91 A.2d 865 (1952) (citations omitted). Instead, election laws should be construed to the extent "reasonably necessary to prevent election fraud and to facilitate administration of the electoral process." Lesniak v. Budzash, 133 N.J. 1, 7, 626 A.2d *478 1073 (1993) (quoting Note, Primary Elections: The Real Party in Interest, 27 Rutgers L.Rev. 298, 301 (1974)).
Regarding the nominating process specifically, our election laws embrace the fact that the nomination of candidates is a critical stage of the electoral process. To be sure, our Supreme Court has observed that "the right to vote would be empty indeed if it did not include the right of choice for whom to vote." Gangemi v. Rosengard, 44 N.J. 166, 170, 207 A.2d 665 (1965).
Under the circumstances presented here, I conclude that plaintiff's nominating petition should not have been invalidated by the Board.[2] Accordingly, the Board's decision is reversed and defendant shall accept the nominating petition filed by plaintiff as a candidate in the April 21, 2009, school board election, and provide the Passaic County clerk with the list of qualified candidates by 1:00 p.m. on Friday, April 3, 2009.
NOTES
[1] The other challenges advanced by Fischer were rejected by the Board and consequently are not addressed in this opinion.
[2] Having reached this conclusion, I need not address the argument advanced by plaintiff that the Commissioner of Education lacked authority to revise the deadline under N.J.S.A. 19:60-7 for a Board of Education to determine challenges to a nominating petition.